IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIAM LESTER RICE, JR., | § | |
| SPN NO. 00500400, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-13-0835 |
| | § | |
| ADRIAN GARCIA, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

William Lester Rice, Jr., proceeding pro se, has filed a Petition for a Writ of Habeas Corpus and Notice of Standing for Indemnification et al. by a person in state custody ("Petition") (Docket Entry No. 1) as supplemented by his Addendum-Material Information for Writ of Habeas Corpus (Docket Entry No. 5) and Full Indemnification Demand (Docket Entry No. 8). Pending before the court is Sheriff Adrian Garcia's Motion to Dismiss, in the Alternative, Motion for Summary Judgment ("Motion for Summary Judgment") (Docket Entry No. 11). For the reasons stated below, the court will grant Garcia's Motion for Summary Judgment and will deny Rice's Petition.

## I.   Procedural History and Claims

### A.   Procedural Background

Rice was arrested on January 19, 2013, and charged with aggravated assault with a deadly weapon in the 337th Criminal

District Court of Harris County, Texas.[1]  While Rice was in custody

of the Harris County Jail, the Board of Pardons and Paroles

("BOPP") filed a parole warrant requesting that Rice be "arrested,

detained and housed until such time as he may be placed in the

custody of an agent of the Texas Department of Criminal Justice,

Institutional Division, or until further order of the Texas

Department of Criminal Justice, Parole Division or the Board of

Pardons and Paroles . . . ."[2]  On March 8, 2013, a Harris County

Grand Jury no billed Rice for the charge of aggravated assault with

a deadly weapon.[3]  Rice remained in custody until April 19, 2013,

when the BOPP withdrew the parole warrant.[4]

On March 22, 2013, Rice filed this action seeking to be

released from custody and asserting claims against Sheriff Garcia

for false imprisonment, cruel and unusual punishment, malicious

prosecution, and double jeopardy (Docket Entry No. 1).[5]  Respondent

-----

[1]Complaint, Exhibit 7 to Motion for Summary Judgment, Docket
Entry No. 11-7, p. 1.

[2]Warrant, Exhibit 3 to Motion for Summary Judgment, Docket
Entry No. 11-3, p. 9.  Prior to his 2013 arrest Rice had been
convicted of various offenses. Id. at 9.  After Rice was arrested
and charged with aggravated assault with a deadly weapon, the BOPP
moved to revoke Rice's parole and filed a parole warrant on the
basis that Rice had violated his parole. Id. at 8, 9.

[3]Affidavit of Deputy Ron Cherry, Exhibit 3 to Motion for
Summary Judgment, Docket Entry No. 11-3, p. 2 ¶ 9; Order, Exhibit 6
to Motion for Summary Judgment, Docket Entry No. 11-6.

[4]April 25, 2013, letter from Deputy Ron Cherry, Exhibit 3 to
Motion for Summary Judgment, Docket Entry No. 11-3, p. 13.

[5]Petition, Docket Entry No. 1, p. 1.

Garcia filed a Motion to Dismiss, in the Alternative, Motion for Summary Judgment on May 3, 2013 (Docket Entry No. 11).   Because Garcia relied upon matters outside the pleadings, his motion will be treated as a motion for summary judgment pursuant to Fed. R. Civ. P. 12(c).   Rice has filed a "Combination Motion Rule 6(b)(1) & 19(a)" (Docket Entry No. 7), an Amendment to Petition for Writ of Habeas Corpus Original "Motion to Dismiss Case with Prejudice or Motion for Change of Venue" ("Motion to Amend") (Docket Entry No. 10), a Motion for Sanctions - FRCP Rule 5 and 11(b) ("Motion for Sanctions") (Docket Entry No. 14), and a Motion for Joinder of Parties ("Motion for Joinder") (Docket Entry No. 15).

## B.   Petitioner's Claims

Liberally construing his pleadings it appears that Rice seeks damages against Sheriff Garcia pursuant to 42 U.S.C. § 1983 based on the following grounds for relief:

1. False imprisonment because Rice was detained "unreasonably, maliciously, and with reckless disregard for the truth or fairness" and "without investigation."

2. Cruel and unusual punishment because Rice was not released from custody after the grand jury returned a "no-bill" regarding the charge of aggravated assault with a deadly weapon, but when the parole warrant was withdrawn.

3. Malicious prosecution because Rice (1) has not had sufficient access to a law library, (2) was not allowed to speak during the Grand Jury hearing, and (3) was prevented from "mounting an effective defense."

4. Double Jeopardy because Rice was not entitled to bail due to his history of prior offenses.

## II. Standard of Review

Rule 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(A). "An issue is material if its resolution could affect the outcome of the action." Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir. 2005). Once the moving party carries its burden of support for summary judgment "the burden shifts to the nonmoving party to show that summary judgment is inappropriate." Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998). The nonmoving party may not merely rest upon allegations, denials of its pleadings, and unsubstantiated or conclusory assertions that a fact issue exists. Id. Instead, the nonmoving party must "set forth specific facts showing the existence of a genuine issue concerning every essential component of its case." Boudreaux, 402 F.3d at 540 (quoting Morris, 144 F.3d at 380).

A pro se litigant's pleadings are to be construed liberally. Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983). However, pro se litigants are not exempt from complying with rules of procedure and substantive law. Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981). In reviewing this complaint the court takes the factual allegations of the complaint as true and draws all reasonable inferences and resolves ambiguities in the plaintiff's favor. Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).

-4-

On the other hand, conclusory allegations or legal conclusions are "not entitled to be assumed true." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1951 (2009). To survive dismissal "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 1950 (quoting Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007)).

### III.  Analysis

### A.  Official Capacity Claims

Since Rice is no longer in custody only his claims for damages remain pending. Rice sues Garcia in his individual and official capacities. To the extent Garcia is sued in his official capacity, Rice's claims fail. Garcia, as Harris County Sheriff, is an employee of Harris County. A suit against a government official or employee in his official capacity "generally represent[s] only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 105 S. Ct. 3099, 3105 (1985); Monell v. Dep't of Soc. Servs., 98 S. Ct. 2018, 2035 (1978); see Baker v. Putnal, 75 F.3d 190, 195 (5th Cir. 1996). In other words, "the real party in interest in an official-capacity suit is the governmental entity and not the named official." Hafer v. Melo, 102 S. Ct. 358, 361 (1991). Therefore, there is "no longer a need to bring official-capacity actions against local government officials, for under *Monell, supra,* local government units can be sued directly for damages and injunctive or declaratory relief." Kentucky, 105 S. Ct. at 3106 n.14.

A governmental entity, such as Harris County, can be sued and subjected to monetary damages and injunctive relief under Section 1983 only if its official policy or custom causes a person to be deprived of a federally protected right.  Monell, 98 S. Ct. 2037-38.  A municipality may not be held liable under Section 1983 on the basis of respondeat superior or vicarious liability.  Id. Municipal liability under a Section 1983 claim requires proof of (1) a policy maker, (2) an official policy, and (3) a violation of a constitutional right whose moving force is the policy or custom. Id.

Rice does not allege facts showing that he was denied any constitutional right as a result of an official policy or practice of Harris County.  In his response to the motion for summary judgment Rice alleges violations of his constitutional rights, but he fails to present probative summary judgment evidence that a policy or custom of Harris County was the moving force behind the alleged violations of his constitutional rights.

**B.    Individual Liability of Sheriff Garcia**

Rice also sues Garcia in his individual capacity.  In order to impose liability on Sheriff Garcia in his individual capacity "[t]he plaintiff must establish either that the [sheriff] was personally involved in the acts causing the deprivation of his constitutional rights or that a causal connection exists between an act of the official and the alleged constitutional violation."

<u>Douthit v. Jones</u>, 641 F.2d 345, 346 (5th Cir. 1981). The Fifth Circuit has held that a county sheriff cannot be held liable on the basis of vicarious liability for the actions of his deputies. <u>Baskin v. Parker</u>, 602 F.2d 1205, 1208 (5th Cir. 1979). Rather, "[p]ersonal involvement is an essential element of a civil rights cause of action." <u>Thompson v. Steele</u>, 709 F.2d 381, 382 (5th Cir. 1983).

Rice asserts that Garcia acted "in collusion" with the deputies and bailiffs to interfere with Rice's "due process and fair trial rights."[6] Rice's allegations do not establish the necessary "personal involvement," and Rice fails to establish any other factual basis for imposing liability on Garcia.

## C. Motion to Add TDCJ

Rice has filed "Petitioner's Combination Motion Rule 6(b)(1) & 19(a)" (Docket Entry No. 7) seeking to add the Texas Department of Criminal Justice ("TDCJ") as a defendant. To the extent that Rice seeks to add TDCJ as a defendant to enable him to secure his release from custody, the motion is moot because Rice is no longer in custody. To the extent that Rice seeks to add TDCJ as a defendant in order to pursue a claim for damages under 42 U.S.C. § 1983, the motion will be denied because Rice has failed to state a factual basis that would entitle him to such relief.

---

[6]Motion to Amend, Docket Entry No. 10, p. 3.

**D.    Motion to Amend**

Rice has filed a Motion to Amend (Docket Entry No. 10). The facts alleged in Rice's proposed "amendment to petition" have been discussed where relevant in this Memorandum Opinion and Order. Because the additional facts he seeks to add by amendment do not raise issues of material fact that would defeat Garcia's Motion for Summary Judgment, Rice's Motion to Amend will be denied.

**E.    Motion for Sanctions**

Rice filed a Motion for Sanctions alleging that Garcia sent trial documents to an address not belonging to Rice (Docket Entry No. 14). Sheriff Garcia has filed a Response in Opposition to Motion for Sanctions (Docket Entry No. 17). The court has discretion to impose sanctions upon a party acting in bad faith, that is, "for conduct that abuses the judicial process." Chambers v. NASCO, Inc., 111 S. Ct. 2123, 2133 (1991). Because the court is not persuaded that sanctions are warranted, the Motion for Sanctions will be denied.

**F.    Motion for Joinder**

Rice has filed a Motion for Joinder of Parties (Docket Entry No. 15). Rice seeks to join additional defendants who are court officials and are therefore entitled to absolute immunity for the performance of their duties. Imbler v. Pachtman, 96 S. Ct. 984, 995 (1976); Clay v. Allen, 242 F.3d 679, 682 (5th Cir. 2001) (court clerks are also entitled to absolute immunity for acts they are

required to do pursuant to court orders).  Rice's motion fails to allege facts that would overcome the immunity of the proposed additional defendants.  He also seeks to add Harris County as a defendant although, as discussed above, he has failed to demonstrate that he was harmed by any official policy or custom. See <u>Peterson v. City of Fort Worth, Tex.</u>, 588 F.3d 838, 852 (5th Cir. 2009), <u>citing</u> <u>Monell</u>.  Rice's motion will be denied as futile. See <u>Soliz v. Bennett</u>, 150 F. App'x 282, 285-286 (5th Cir. 2005).

## IV.  Conclusion and Order

For the reasons stated above, the court **ORDERS** the following:

1.    Defendant Garcia's Motion for Summary Judgment (Docket Entry No. 11) is **GRANTED**.

2.    Rice's Petition for a Writ of Habeas Corpus by a person in state custody (Docket Entry No. 1), Combination Motion Rules 6(b)(1) & 19(a) (Docket Entry No. 7), Motion to Amend (Docket Entry No. 10), Motion for Sanctions (Docket Entry No. 14), and Motion for Joinder (Docket Entry No. 15) are **DENIED**.[7]

**SIGNED** at Houston, Texas, on this the 26th day of July, 2013.

SIM LAKE
UNITED STATES DISTRICT JUDGE

---

[7]Rice has also filed a Motion to Withdraw/Strike-Motion for Expansion of Time and Amend Parties (Docket Entry No. 9).  Because Rice does not explain what he wishes to withdraw, this motion is also **DENIED**.